TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00359-CR


NO. 03-02-00360-CR


NO. 03-02-00361-CR






Michael Derril Stratton 


a/k/a Michael Derrill Stratton 


a/k/a Michael Derrell Stratton, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NOS. 52,698, 52,699 & 52,700, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Before a jury, appellant Michael Derril Stratton pleaded guilty to indictments
accusing him of aggravated sexual assault, aggravated robbery, and aggravated kidnapping. Tex.
Pen. Code Ann. §§ 20.04, 22.021 (West Supp. 2003), § 29.03 (West 1994). The jury returned
instructed verdicts of guilty and assessed prison terms of fifty, thirty, and fifteen years. The jury also
imposed a $10,000 fine for each offense.

On October 16, 2002, appellant's court-appointed attorney filed briefs concluding that
the appeals are frivolous and without merit. The briefs meet the requirements of Anders v.
California, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating
why there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988);
High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d 684 (Tex. Crim.
App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous v. State, 436
S.W.2d 137 (Tex. Crim. App. 1969). Copies of counsel's briefs were delivered to appellant, and
appellant was advised of his right to examine the appellate record and to file a pro se brief.

On November 15, 2002, the parties, including appellant, were notified that these
causes would be submitted for decision on December 23. On November 27, appellant filed his first
pro se motion for extension of time to file his pro se brief, asking for an additional thirty days. The
motion was granted and the time for filing the pro se brief was extended to January 10, 2003. On
January 7, appellant filed a second pro se motion for extension of time, requesting an additional
ninety days in which to file his pro se brief. This motion was granted in part; the time for filing was
extended to March 15, 2003. On March 20, the Court received appellant's third pro se motion for
extension of time in which he asked for at least thirty more days to file his pro se brief. On March
28, the third motion was granted and the Court ordered appellant to tender his brief for filing no later
than April 15, 2003. The order contained a warning that no further extension of time would be
granted. On April 7, the Court received a letter from appellant stating that he would comply with
the March 28 order. On April 22, however, appellant filed his fourth motion for extension of time
seeking an additional ninety days in which to prepare and file his pro se brief. That motion was
granted in part and appellant was ordered to file his pro se brief no later than May 15, 2003. To date,
appellant has neither tendered a pro se brief for filing nor requested additional time. 

The Court is aware of the difficulties confronting non-lawyer inmates attempting to
do legal research and writing while in prison. For this reason, the Court attempts to give appellants
whose lawyers have filed frivolous appeal briefs a generous amount of time in which to prepare and
file their own pro se briefs. We cannot, however, give such appellants an unlimited amount of time. 
Appellant has had seven months to prepare his pro se brief or to otherwise respond to his appointed
attorney's frivolous appeal brief. This is, we believe, a reasonable amount of time.

We have reviewed the records and counsel's briefs and agree that the appeals are
frivolous and without merit. We find nothing in the records that might arguably support the appeals. 
Counsel's motions to withdraw are granted.

The judgments of conviction are affirmed.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Yeakel, Patterson and Puryear

Affirmed

Filed: May 22, 2003

Do Not Publish